UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-24359-JEM

SERGIO VEIGA, and other similarly situated individuals,

    Plaintiffs,

v.

OC ELECTRICAL LLC, ZAIRON ROSERO, CARLOS GARCIA,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, OC ELECTRICAL LLC, ZAIRON ROSERO, and CARLOS GARCIA, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1] as follows:

1. Admitted that Plaintiff's Complaint is alleging a cause of action under the FLSA.

2. Defendants are without personal knowledge as to the allegation contained in this Paragraph concerning Plaintiff's residence but presume it to be true.

3. Admitted.

4. Admitted.

5. Denied.

6. Admitted for venue purposes only. Denied for any other purpose.

**COUNT I: FEDERAL OVERTIME WAGE VIOLATION**

7. Denied.

8. Admitted.

9. This Paragraph does not contain a factual allegation to which a response is necessary. The referenced statute is the best evidence of its content, purpose, and intent.

10. Denied as alleged.

11. Admitted that the FLSA covered the entity Defendant under the enterprise coverage theory during the relevant time period. Denied that Plaintiff was covered under individual coverage theory during the relevant time period.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work more than forty (40) hours in any workweek.

### Second Affirmative Defense

Plaintiff's claims are at least partially barred as he is seeking compensation for work he did not actually perform.

### Third Affirmative Defense

Plaintiff's damages, if any, are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fifth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§207 and 213. Specifically, Plaintiff is an exempt employee under 29 U.S.C § 213(a)(1) as a salaried employee with a salary over $455 per week with managerial responsibilities, including over two or more other employees of the entity Defendant.

### Seventh Affirmative Defense

Assuming, *arguendo*, that Plaintiff is deemed to be entitled to overtime compensation, he would be entitled to only half his regular rate for all hours worked over forty during any workweek, because he was paid his regular rate through a salary for all hours worked, including any hours worked over forty during any workweek.

### Eighth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendant hereby requests trial by jury on all issues so triable.

Dated, this 19th day of November, 2018.

ADI AMIT, P.A.
*Counsel for Defendants*
101 Centre
101 NE Third Ave., Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@defenderofbusiness.com

By: *s/Adi Amit*
     Adi Amit, Esquire
     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on November 19, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              /s/ *Adi Amit*
              Adi Amit

## SERVICE LIST

*Sergio Veiga et al v. OC Electrical LLC, et al*
Case No. 1:18-cv-24359-JEM

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| J.H. ZIDELL, P.A. | ADI AMIT, P.A. |
| 300 71st Street, | 101 Centre |
| Suite 605 | 101 NE Third Avenue |
| Miami Beach, Florida 33141 | Suite 300 |
| zabogado@aol.com | Ft. Lauderdale, Florida 33301 |
| *Counsel for Plaintiff* | adi@lubellrosen.com |
| | *Counsel for Defendants* |