UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-24359-CIV-AOR

SERGIO VEIGA and all others similarly )
situated under 29 U.S.C. 216(b),            )
                                                            )
                    Plaintiff,                        )
      vs.                                                 )
                                                            )
OC ELECTRICAL LLC,                       )
ZAIRON ROSERO,                            )
CARLOS GARCIA,                            )
                                                            )
                    Defendants.                   )
_____)

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AS TO DEFENDANT CARLOS GARCIA AND TO FILE ONE COMPREHENSIVE
FEES AND COSTS MOTION AFTER COLLECTIONS ARE COMPLETED**

Pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), this Clerk's entry of Default as to Defendant CARLOS GARCIA, (hereinafter "Defendant Garcia") [D.E 123], Plaintiff, SERGIO VEIGA ("Plaintiff"), respectfully requests entry of Final Default Judgment as to Defendant CARLOS GARCIA, and to file one comprehensive fees and costs motion within thirty (30) days after collections are completed, and in support thereof states as follows:

1. Defendant CARLOS GARCIA is in default as per entry of the Clerk's Default [D.E. 123].

2. Plaintiff now moves for a Final Default Judgment to be entered against Defendant, CARLOS GARCIA, in favor of Plaintiff.

3. This Court's Order at DE 122, specifically stated:

**"Garcia failed to comply with the First Show Cause Order. On September 15, 2021, the undersigned issued a Second Order to Show Cause Directed at Garcia (hereafter, "Second Show Cause Order") [D.E. 121] requiring Garcia to show cause in writing why he failed to comply with the undersigned's First Show Cause Order and cautioning that "[s]hould Defendant Garcia fail to respond or fail to show good cause within the**

**prescribed time, a default will be entered against him." Id. at 1. The time to respond has passed, and Garcia has again failed to comply. In light of the foregoing, it is ORDERED AND ADJUDGED that the Clerk of the Court is hereby DIRECTED TO ENTER DEFAULT against Garcia."**

4. Therefore, inspite of the jury verdict finding that Plaintiff was exempt from overtime from Defendants OC Electrical LLC. and Zairon Rosero, Defendant Garcia *should not* be allowed to reap the benefits of the executive exemption affirmative defense in light of the Default Judgment entered against him. After all, upon entry of a default, affirmative defenses are not longer applicable and only damages remain.

5. Since the Court heard extensive testimony at trial as to Plaintiff's overtime damages which supported Plaintiff's statement of claim D.E. 9, Plaintiff requests that the Court enter judgment against Defendant Garcia for the amount of the statement of claim $ 37,800.00 and to reserve on determining the amount of attorney fees and costs pursuant to Local Rule 7.3. <u>Frazier v. Absolute Collection Serv., Inc.</u>, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (noting that "Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate")". <u>Bhogte v. Phoenix Mgmt. Servs., Inc.</u>, No. 21-CV-62564, 2022 WL 2046851, at *4 (S.D. Fla. June 7, 2022).

6. Plaintiff also seeks an award of attorneys' fees and costs in this matter pursuant to the FLSA. Plaintiff respectfully requests that this Court award damages at this time and allow Plaintiff to file a comprehensive fee and cost motion within thirty (30) days of completion of collection activities. This would save the Court's time because the Court would only have to determine the proper amount of fees and costs once, rather than once now, and again when collection activities have completed.

7. Therefore, the Plaintiff respectfully request entry of an Order of Final Default Judgment to be entered against Defendant CARLOS GARCIA, in favor of Plaintiff and for fees and costs,

including future fees and costs in collection of the Default Judgment to be determined by this Court upon collection. Plaintiff respectfully requests that this Court allow Plaintiff to file one fee and cost motion in thirty days and to retain jurisdiction to enter an additional award of fees and associated with collections.

## MEMORANDUM OF LAW

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.' " <u>Cain v. Consumers Sols. Grp., LLC</u>, No. 2:16-CV-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting <u>Atl. Recording Corp. v. Carter</u>, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007)); *see also* <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." <u>Evans v. Commercial Recovery Sys., Inc.</u>, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 (11th Cir. 2005))." <u>Bhogte v. Phoenix Mgmt. Servs., Inc.</u>, No. 21-CV-62564, 2022 WL 2046851, at *3 (S.D. Fla. June 7, 2022).

"Once liability has been established, the court must assess the damages sought by examining the affidavits submitted. *See, e.g.*, <u>Svetlick v. Lucius</u>, No. 08-61525, 2009 WL 1203925, at *1 (S.D. Fla. May 1, 2009) (awarding default final judgment as to "the precise amount of damages, including actual damages as well as liquidated damages" pursuant to the agreement between the parties). "Following the entry of a default judgment, damages may be awarded 'without a

3

hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)). A district court "may conduct hearings ... when, to enter or effectuate [a default] judgment, it needs to: ... determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion"). "After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount." *Fagan v. Central Bank of Cyprus*, No. 19-80239-CIV, 2021 WL 2845034, at *3 (S.D. Fla. June 28, 2021) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))." *Cincinnati Ins. Co. v. GC Works Inc.*, No. 21-CV-21159, 2022 WL 787952, at *4 (S.D. Fla. Feb. 25, 2022), report and recommendation adopted, No. 21-CV-21159, 2022 WL 783285 (S.D. Fla. Mar. 15, 2022).

**Entitlement to costs and fees.**

A prevailing Plaintiff is a "party in whose favor judgment is rendered, *regardless of the amount of damages awarded* [emphasis added]." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Moreover, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees' should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. *Id.* Taxable costs are determined

pursuant to 28 U.S.C. § 1920. *See* L.R. 7.3(c); Ferguson v. N. Broward Hosp. Dist., 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011). There is a "strong presumption" that taxable costs be awarded to the prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); *see also* Groves v. Royal Caribbean Cruises, Ltd., 2011 WL 817930, at * 1 (S.D. Fla. Mar. 2, 2011) ("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Ferguson, 2011 WL 3583754, at *1 (citation omitted). 28 U.S.C. § 1920 allows for the recovery of the following costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Under 28 U.S.C. § 1920(1), a prevailing party may recover costs associated with service of summons and subpoenas, "provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." Santana v. RCSH Operations, LLC, 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). Section 1920(3), as limited by 28 U.S.C. § 1821(b)3 authorizes the taxation of costs related to witness appearance fees and subsistence costs. *See also*

5

*Drury v. Pena,* 1997 WL 718831, at * 13 (M.D. Fla. Oct. 15, 1997). These expenses include expenses for transportation and parking. *Dillon v. AxxsysInteYr., Inc.* 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006).

Herein, Plaintiff moves for Final Default Judgment under 29 U.S.C. 216(b) regarding Defendant Garcia, and refers to Plaintiff's statement of claim which sets forth the Plaintiff's damages, exclusive of attorneys' fees and costs. Plaintiff is the prevailing party as to this Defendant in this case and entitled to recover reasonable attorneys' fees and costs from Defendant Garcia. 29 U.S.C. s. 216(b) makes the award of fees and costs to prevailing plaintiff mandatory and Plaintiff respectfully requests to be awarded a full measure of the claimed fees and costs pursuant to 29 U.S.C. s. 216(b).

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). Plaintiff respectfully requests that this Court allow Plaintiff to file one fee and cost motion within thirty (30) days of the collection of the default judgment for both the fees and costs in the case up to this point, and those fees and costs associated with the collection of the judgment.

**Entitlement to future fees in re: collection of default judgment.**

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment

6

finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorneys' fees and costs pursuant to the Court's decision in *DiFrancesco*.

**WHEREFORE** the Plaintiff respectfully requests this Honorable Court to enter the following Order:

1. Final Default Judgment against DEFENDANT GARCIA, in favor of Plaintiff, SERGIO VEIGA in the amount of **$37,8000**, which includes liquidated damages under 29 U.S.C. 216(b), and award statutory interest from the date of judgment;

7

2. Finding Plaintiff is entitled to reasonable attorney's fees and costs;

3. Allowing Plaintiff to submit one comprehensive motion for the amount of reasonable attorney's fees and costs within thirty (30) days of collection of the final default judgment.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com

By: /s/ *J.H. Zidell*
J.H. Zidell, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED VIA CM/ECF AND US MAIL ON 8/19/2022 TO:

ADI AMIT, ESQ.
ADI AMIT, P.A.
101 CENTRE
101 NE THIRD AVE., SUITE 300
FORT LAUDERDALE, FLORIDA 33301
PHONE: (954) 533-5922
E-MAIL: ADI@DEFENDEROFBUSINESS.COM

CARLOS GARCIA
400 SW 89TH COURT
MIAMI FL 33174

By: /s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121

9